**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SARA J. BATTEAU, Individually and on behalf of S.R.B., H.M.M., and R.J.B. | ) <br> ) <br> ) |
| Plaintiff, | ) <br> )    **Case No. 22-cv-3145-SMY** |
| vs. | ) <br> ) |
| PENNY J. PIERSON, <br> JOSEPH A. CERVANTEZ, and <br> JACKSON COUNTY, ILLINOIS, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Sara J. Batteau, individually and on behalf of her minor children, filed this *pro se* action against the Illinois Assistant States Attorney Penny Pierson, Illinois Assistant States Attorney Joseph Cervantez, and Jackson County, Illinois. Batteau's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 3) is now before the Court. For the following reasons, the motion is **DENIED**, and Batteau's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Batteau has sufficiently demonstrated her indigence and inability to pay the costs of commencing her lawsuit through her motion and accompanying affidavit. However, the Court's inquiry does not end with a determination of indigency.

Section 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.  The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

Batteau makes the following relevant allegations in her Complaint: since 2021, Pierson and Cervantez have acted together to falsify evidence in family law cases in Texas, Illinois, and New Hampshire.  This evidence was also sent to child protective services in Texas.  The Defendants also back dated police reports and hindered Batteau's order of protection case.  Batteau and her children are chronically ill and physically disabled and Defendants' actions have had a dramatic impact on their physical health.  Citing various criminal sections of the United States Code, Batteau asserts claims for conspiracy, deprivation of rights, interstate domestic violence, and violations of the Racketeer Influenced and Corrupt Organizations ("RICO").  She seeks monetary damages and requests that the Defendant be removed from their positions.

Batteau's Complaint fails to state a claim for which relief can be granted.  Batteau claims that this Court has jurisdiction through 28 U.S.C. §1331 and/or 28 U.S.C. §1343(a)(3).  It is unclear, however, how any of these jurisdictional statutes would confer subject matter jurisdiction.  Although the Complaint cites several federal statutes (18 U.S.C. §§ 241, 242, 249, 96, 2261), they are criminal statutes that do not provide Batteau with a private right to sue.  Further, Batteau does not set forth facts indicating that the Court has jurisdiction based on the diversity of citizenship of the parties or otherwise.  *See* 28 U.S.C. §1332.

For the foregoing reasons, Plaintiff's Complaint (Doc. 2) is **DISMISSED without prejudice** and her motion to proceed *in forma pauperis* (Doc. 3) is **DENIED**.  The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  January 10, 2023**

**STACI M. YANDLE**
**United States District Judge**